# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:09-cr-00240-20 |
| v. ) | |
| ) | Judge Nixon |
| LACHAUNTI WILLIAMS ) | |

## ORDER

Pending before the Court is Defendant Lachaunti Williams's Motion for Severance of Defendant ("Motion") (Doc. No. 1481), filed with a Memorandum in Support (Doc. No. 1482). The Court held a hearing on December 17, 2012, at which time the Government stated it has no objection to severing Mr. Williams.

Mr. Williams was originally indicted in this case in 2010, in the Sixth Superseding Indictment (Doc. No. 295), and was most recently charged in the Ninth Superseding Indictment, with seven counts stemming from three alleged incidents. The seven counts are as follows: **(1)** conspiracy to distribute Schedule II controlled substances (Count 23), occurring between September 10 and 15, 2009; **(2)** conspiracy to retaliate against a witness, victim or an informant (Count 33), **(3)** retaliating against a witness, victim or an informant (Count 34), **(4)** conspiracy to tamper with a witness, victim or an informant (Count 35), **(5)** tampering with a witness, victim or informant (Count 36), with Counts 33–36 occurring between August and September 1, 2010; **(6)** Hobbs Act robbery (Count 41) and **(7)** possession of a firearm in furtherance of a crime of violence (Count 42), with Counts 41–42 occurring between September 11 and October, 2009. (Doc. Nos. 1408; 1408-14.)

Mr. Williams requests that he be severed from the rest of the defendants in this case under Federal Rule of Criminal Procedure 14. (Doc. No. 1481.) Mr. Williams asserts that the

1

charges against him are unrelated to the acts and conspiracies charged against other defendants in this case. (*Id.*) Therefore, Mr. Williams argues that having to be tried with the other defendants in this case will risk prejudicial jury confusion. (*Id.*) Mr. Williams points out that because there is no overarching conspiracy or common scheme tying together the separate incidents, evidence of the counts unrelated to Mr. Williams's charges would ordinarily be inadmissible against Mr. Williams at trial. (Doc. No. 1482.) Mr. Williams therefore argues that the lack of a connection between the separate incidents alleged also amounts to improper joinder in violation of Federal Rule of Criminal Procedure 8(a). (*Id.*)

Federal Rule of Criminal Procedure 8 governs the joinder of offenses and defendants in indictments. Rule 8(a) allows offenses to be joined if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) allows defendants to be joined "if they are alleged to have participated in the same or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The purpose of Rule 8 is to "promote the goals of trial convenience and judicial efficiency." *United States v. Cobb*, 397 F. App'x 128, 136 (6th Cir. 2010) (quotation omitted). However, even if joinder is appropriate under Rule 8, a court may order severance under Rule 14. *Id.* at 136-37. "If the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. Rule Crim. P. 14(a).

After reviewing the filings on this matter, the Court cannot conclude that there will be no significant prejudice against Mr. Williams if he is tried with other defendants in this case. Further, the Court finds that because Mr. Williams is only charged in seven of the forty-three counts charged in the Ninth Superseding Indictment, trial convenience and judicial efficiency are

not benefitted by trying Mr. Williams with the other defendants in this case. The Court therefore finds that it is prudent to sever Mr. Williams from the other defendants in the Ninth Superseding Indictment and try him separately. Accordingly, the Motion is **GRANTED** and the Court **SEVERS** Mr. Williams from the remaining defendants in the Ninth Superseding Indictment for the purposes of trial. Upon granting the Motion, the Court finds Mr. Williams's previous two Motions for Severance (Doc. Nos. 580; 930) should be **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the ___18th___ day of December, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT