IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:09-cr-00240-20 |
| v. | ) | |
| | ) | Judge Nixon |
| LACHAUNTI WILLIAMS | ) | |

## ORDER

Pending before the Court is Defendant Lachaunti Williams's Motion for Curative Instruction ("Motion"), in which Mr. Williams requests the Court give the jury a specific instruction regarding the admissibility of co-conspirator statements before the Government be permitted to introduce any such statement under Federal Rule of Evidence 801(d)(2)(E). (Doc. No. 2198.) The Government filed a Response opposing the Motion, in which it argues that the proposed instruction is legally inaccurate, will cause jury confusion, and will prejudice Mr. Williams. (Doc. No. 2222.) The Court held a hearing on May 24, 2013, at which time the parties explained Mr. Williams's reasoning underlying his Motion: that any statements admitted under Rule 801(d)(2)(E) may not establish the existence of, or Mr. Williams's participation in, a conspiracy without corroboration. The Government maintained its objection to the Motion, arguing that statements in furtherance of a conspiracy—unlike party admissions—do not require corroboration to establish the elements of a conspiracy.

Mr. Williams has cited no authority for his corroboration argument, and the Court is unaware of any controlling case law holding that statements of co-conspirators, once deemed admissible under Rule 801(d)(2)(E), require corroboration to prove the existence of a conspiracy. By contrast, the Sixth Circuit has consistently held that a defendant's *own* admissions to law enforcement—whether full confessions or admissions to underlying facts of the alleged offense

1

following commission of the offense —do require independent corroboration to be admissible. *United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011). *See also United States v. Pennell*, 737 F.2d 521, 537 (6th Cir. 1984). "The purpose of [the corroboration] rule is to avoid errors in convictions based upon untrue confessions and to promote sound law enforcement by requiring police investigations to extend their efforts beyond the words of the accused." *Ramirez*, 635 F.3d at 256 (citation omitted).

Here, the statements the Government may seek to introduce are not those of Mr. Williams and were not given to law enforcement. Instead, statements admitted under Rule 801(d)(2)(E) are those of alleged co-conspirators, made in furtherance of an ongoing conspiracy. The concerns expressed by the Sixth Circuit regarding reliability of admissions and potential for police coercion are not at issue here, and thus the rationale behind the corroboration rule does not apply.

Accordingly, the Court finds there is no legal basis for granting Mr. Williams's Motion, and the Motion is **DENIED**.

It is so ORDERED.

Entered this 28 day of May, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT